UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 2:21-CR-00138-DCLC-CRW |
| ) | |
| v. ) | |
| ) | |
| ANTONIO MARK HARVEY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Antonio Mark Harvey's Motion for Judgment of Acquittal Pursuant to Rule 29(c) ("Motion for Acquittal") [Doc. 67]. The United States ("the Government") filed a response in opposition. Accordingly, Defendant's motion is ripe for resolution. For the reasons stated herein, Defendant's Motion for Acquittal is **DENIED**.

**I.    BACKGROUND**

On December 14, 2021, a grand jury returned a single-count indictment against Defendant charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) [Doc. 1]. The Court conducted a jury trial on February 28, 2023, during which the Government presented the testimony of Investigator Kirt Stillwagon with the Johnson City Police Department and Special Agent Bryan Williams with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. At the close of the Government's proof, Defendant orally moved for a judgment of acquittal. The Court denied the motion and Defendant declined to present any evidence. On March 1, 2023, the jury returned a guilty verdict [Doc. 62]. Thereafter, Defendant timely filed the Motion for Acquittal that is currently before the Court [Doc. 67].

1

## II. LEGAL STANDARD

A judgment of acquittal may be entered when "the government's proofs are legally insufficient to sustain a conviction." *United States v. Paulus*, 894 F.3d 267, 274 (6th Cir. 2018) (citing Fed.R.Crim.P. 29). When ruling on a Rule 29 motion, the evidence must be viewed "in the light most favorable to the prosecution," and a judgment of acquittal should not be entered "if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id*. (quoting *United States v. Persaud*, 866 F.3d 371, 380 (6th Cir. 2017)). The Court, however, does not weigh the evidence or judge witness credibility. *Id.* at 275. Additionally, circumstantial evidence can adequately support a guilty verdict, and "such evidence need not remove every reasonable hypothesis except that of guilt." *United States v. Hughes*, 505 F.3d 578, 592 (6th Cir. 2007) (quoting *United States v. Stone*, 748 F.2d 361, 362 (6th Cir. 1984)). The ultimate inquiry is "whether a rational trier of fact could return a guilty verdict." *Paulus*, 894 F.3d at 275 (citing *United States v. Fisher*, 648 F.3d 442, 450 (6th Cir. 2011)).

## III. ANALYSIS

To support a guilty verdict for a violation of § 922(g)(1), the Government must prove the following elements beyond a reasonable doubt: "(1) the defendant was a felon; (2) the defendant knew he was a felon . . . ; (3) the defendant knowingly possessed a firearm; and (4) that the firearm had traveled through interstate commerce." *United States v. Ward*, 957 F.3d 691, 696 (6th Cir. 2020) (citing *Rehaif v. United States*, 139 S.Ct. 2191, 2200 (2019)). The parties stipulated to the first two elements and Special Agent Williams testified that the specified firearm, a Ruger 9-millimeter, semiautomatic pistol, was manufactured in Arizona, thereby satisfying the fourth element. *Watkins v. United States*, 564 F.2d 201, 204 (6th Cir. 1977) ("[P]roof that the firearm was manufactured outside the state in which the possession occurred is sufficient to support a finding that the possession was in or affected commerce.").

2

Defendant challenges the sufficiency of the evidence only as to the third element—possession. Under § 922(g)(1), possession can be either actual or constructive. *United States v. Grubbs*, 506 F.3d 434, 439 (6th Cir. 2007). The parties agree this case involves constructive possession, which exists when an individual "knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *Id*. (citation and quotation marks omitted). However, to sustain a conviction under § 922(g)(1), "it is not enough that the defendant possessed a firearm at some unidentified point in the past; the evidence must prove that the defendant possessed the same handgun 'identified in the indictment.'" *Id*. (quoting *United States v. Arnold*, 486 F.3d 177, 183 (6th Cir. 2007)).

At trial, the Government presented evidence that while responding to a call regarding a suspicious vehicle, Investigator Stillwagon searched a green Jeep Cherokee, which Defendant and at least three other individuals had recently occupied. During that search, Investigator Stillwagon recovered a black backpack containing a loaded 9-millimeter Ruger semi-automatic pistol with a round in the chamber, t-shirts, a can of men's body spray, and a Chime bank card with Defendant's name on it. During a subsequent interview conducted by Investigator Stillwagon, Defendant "protested that his 'fingerprints ain't on the gun'" and, although he acknowledged that the gun was in his backpack, he stated that it was not supposed to be in his bag [Doc. 67, pg. 2]. Nevertheless, Defendant ultimately admitted that he purchased the gun a week prior from an individual named "Wes" at a hotel in Johnson City, Tennessee.

Viewing the foregoing in the light most favorable to the Government, the evidence is sufficient to support the jury's guilty verdict and, more specifically, the finding that Defendant constructively possessed the Ruger 9mm pistol. Notably, the firearm was found in Defendant's backpack. This alone is sufficient to prove constructive possession. *See Grubbs*, 506 F.3d at 439 ("constructive possession may be proven if the defendant merely had dominion over the premises

where the firearm is located.") (citation and internal quotations omitted). Nonetheless, Defendant asserts his statements during the interview with Investigator Stillwagon "clearly showed that [he] did not have the requisite knowledge to exercise dominion and control over the firearm" because he "indicated that he had no idea that the firearm was in his backpack" [Doc. 67, pgs. 2–3]. Defendant also points to the fact that the other three occupants of the vehicle were also convicted felons [*Id*. at pg. 3].

While it is true that "the jury could have drawn different inferences from this evidence," the Sixth Circuit's "mandate is to affirm when the jury's choice was a rational one." *Arnold*, 486 F.3d at 182. In light of Defendant's admission to purchasing the firearm a week prior to his arrest and the fact that it was in his backpack, it is reasonable to conclude that it belonged to him rather than one of the other occupants. On that note, Defendant asserts there is no evidence that the firearm he admitted to purchasing was the firearm specified in the indictment because Investigator Stillwagon never confronted him with the firearm or otherwise showed it to him at the scene [Doc. 67, pg. 4]. Yet, the firearm found in Defendant's backpack, the Ruger 9mm pistol, was the only firearm referenced during the entirety of the interview and no other firearm was recovered during the search of the Jeep. Thus, a reasonable jury could infer that the firearm Defendant admittedly purchased is the same one that was found in his backpack and specified in the indictment. The Court "cannot overturn the jury's decision merely because it had to draw reasonable inferences to find [the defendant] guilty." *Id*. at 181.

IV. **CONCLUSION**

Accordingly, because there is sufficient evidence to support the jury's guilty verdict, Defendant's Motion for Acquittal [Doc. 67] is **DENIED**.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge